IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CONCORD BAPTIST CHURCH OF JEFFERSON CITY, INC., | ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) |
| v. | ) No. 2:21-CV-04046-WJE ) ) |
| CHURCH MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant/Counterclaim Plaintiff. | ) |

## ORDER

Pending before the Court is Defendant Church Mutual Insurance Company's ("Church Mutual") Motion for Summary Judgment ("Motion"), and suggestions in support thereof. (Docs. 26, 27). Plaintiff Concord Baptist Church of Jefferson City, Inc. ("Concord Baptist Church") has filed suggestions in opposition (Doc. 37), to which Church Mutual has timely replied. (Doc. 43). The issue is now ripe for consideration. Church Mutual's Motion shall be granted for the reasons that follow.

### I. BACKGROUND

This case arises from a policy Church Mutual issued to Concord Baptist Church to insure its properties. (Doc. 39, ¶ 2; Doc. 28-2). Concord Baptist Church claims it sustained substantial property damage after a severe storm on March 27, 2020. (Doc. 39, ¶ 3). Church Mutual received the claim on March 31, 2020. (*Id.*, ¶ 5).

On April 2, 2020, and April 13, 2020, Church Mutual's third-party adjuster, Crawford & Company, met with Concord Baptist Church's representative to inspect the damage to the property. (*Id.*, ¶ 6; Doc. 37, pp. 6-7). On May 26, 2020, Crawford & Company issued an estimate based on

the engineering report completed after the inspections. (Doc. 27, p. 6; Doc. 37, p. 7). As a result, Church Mutual issued two partial payments to Concord Baptist Church totaling $237,852.24. (Doc. 39, ¶ 7).

Once the payments were issued, a disagreement arose between the parties as to the amount of loss. (*Id.*, ¶ 12; Doc. 37, p. 8). On June 3, 2020, Concord Baptist Church sent a demand for appraisal to reevaluate the damage to its property. (Doc. 39, ¶ 12; Doc. 37, p. 8). On June 9, 2020, Church Mutual acknowledged the demand for appraisal and requested that Concord Baptist Church submit any documents supporting its claim. (Doc. 39, ¶¶ 13-14). On November 24, 2020, after Concord Baptist Church informed Church Mutual that its appraiser would be reappraising the entire claim, including damages that Church Mutual had already issued partial payments for, Church Mutual requested that Concord Baptist Church submit a revised demand for appraisal. (*Id.*, ¶¶ 15-16; Doc. 37, p. 8). Concord Baptist Church also suggested to Church Mutual that its appraiser's estimate would be over $2,000,000. (Doc. 27, p. 7; Doc. 37, p. 4). On December 3, 2020, Concord Baptist Church submitted a revised demand for appraisal. (Doc. 39, ¶ 21).

On December 4, 2020, Church Mutual notified Concord Baptist Church that to move forward in the appraisal process it would require a proof of loss form, supporting documents, and a representative to submit to an examination under oath ("EUO"). (*Id.*, ¶¶ 24-26; Doc. 28-13). Church Mutual reiterated its requests in a letter dated December 10, 2020, after Concord Baptist Church did not respond. (Doc. 39, ¶ 28; Doc. 28-14).

On February 18, 2021, Concord Baptist Church filed suit, alleging Breach of Contract in Count I and Vexatious Refusal in Count II. (Doc. 1-1). On March 10, 2021, Church Mutual removed this case to federal court (Doc. 1), and filed its Answer, Affirmative Defenses, and

Counterclaim. (Doc. 2). Church Mutual subsequently filed the instant Motion on September 21, 2021. (Doc. 26).

## II. STANDARD OF REVIEW

"Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Green Plains Otter Tail, LLC v. Pro-Envtl., Inc.*, 953 F.3d 541, 545 (8th Cir. 2020) (quoting Fed. R. Civ. P. 56(c)). "A court considering a motion for summary judgment must view the evidence and inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Dryer v. NFL*, 814 F.3d 938, 941-42 (8th Cir. 2016) (citing *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996)). "A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial." *Id.* at 942 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Green Plains Otter Tail, LLC*, 953 F.3d at 545 (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011)).

## III. ANALYSIS

Church Mutual alleges that Concord Baptist Church failed to comply with the cooperation agreement in its policy, so summary judgment is appropriate. (Doc. 27, p. 2). It is undisputed that Missouri law governs this diversity action. *See Heubel Materials Handling Co. v. Universal Underwriters Ins. Co.*, 704 F.3d 558, 563 (8th Cir. 2013). Moreover, "[c]ooperation clauses are valid and enforceable in Missouri." *McClune v. Farmers Ins. Co., Inc.*, 12 F.4th 845, 849 (8th Cir. 2021) (citing *Hendrix v. Jones*, 580 S.W.2d 740, 742 (Mo. 1979)). "Missouri courts have consistently acknowledged an insurer's right to a complete investigation of a claim, including

examinations, and have found that the insured's failure to assist in the investigation precludes any coverage." *Id.* (quoting *Roller v. Am. Modern Home Ins. Co.*, 484 S.W.3d 110, 116 (Mo. Ct. App. 2015)). "To deny coverage, 'an insurer must prove: (1) a material breach of the cooperation clause; (2) the existence of substantial prejudice as a result of the breach; and (3) the exercise of reasonable diligence to secure the insured's cooperation.'" *Id.* (quoting *Med. Protective Co. v. Bubenik*, 594 F.3d 1047, 1051 (8th Cir. 2010)).

### A. There was a material breach of the cooperation clause when Concord Baptist Church did not submit a proof of loss form, supporting documents, and to an EUO.

Missouri courts hold that a failure to comply with the terms of a cooperation agreement constitutes a material breach. *See Tuterri's, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, 894 S.W.2d 266, 269 (Mo. Ct. App. 1995); *see also Roller*, 484 S.W.3d at 116. First, the failure to provide, or the untimely submission of, a proof of loss form constitutes a material breach of the cooperation agreement. *See Tuterri's, Inc.*, 894 S.W.2d at 269. Second, if the insured fails to submit to an EUO before commencing suit, that also constitutes a material breach of the cooperation agreement. *See Roller*, 484 S.W.3d at 116; *see also Wiles v. Capitol Indem. Corp.*, 215 F. Supp. 2d 1029, 1031-32 (E.D. Mo. 2001). For example, when the insurer stated that it would schedule an EUO once the insured's additional documentation was reviewed by an expert and the insured responded by filing suit, the Eighth Circuit held that the insured's failure to submit to the EUO constituted a material breach of the cooperation clause pursuant to Missouri law. *McClune*, 12 F.4th at 849.

Here, the insurance policy imposed a duty on Concord Baptist Church to cooperate with Church Mutual. (Doc. 28-2). The cooperation agreement required Concord Baptist Church to: (1) cooperate with Church Mutual during the investigation and settlement of claims; (2) send Church

Mutual a proof of loss form within sixty days after its request that included any information relevant to the investigation; and (3) submit to an EUO upon Church Mutual's request. (Doc. 39, ¶ 37; Doc. 28-2).

There was a material breach of the cooperation agreement because Concord Baptist Church did not submit a proof of loss form within sixty days of Church Mutual's request. On December 4, 2020, Church Mutual requested that Concord Baptist Church submit a proof of loss form within sixty days. (Doc. 39, ¶ 24; Doc. 28-13). Church Mutual reiterated its request for a proof of loss form on December 10, 2020. (Doc. 39, ¶ 28; Doc. 28-14). Concord Baptist Church proceeded to commence suit on February 18, 2021. (Doc. 39, ¶ 30). Since Concord Baptist Church did not submit a proof of loss form within sixty days, there was a material breach of the cooperation agreement. *See Tuterri's, Inc.*, 894 S.W.2d at 269.

Concord Baptist Church also breached the cooperation agreement when it did not submit to an EUO. Church Mutual requested an EUO in its letters dated December 4, 2020, and December 10, 2020. (Doc. 28-13; Doc. 28-14). Like *McClune*, Church Mutual stated that it would schedule an EUO after it received Concord Baptist Church's proof of loss form. (Doc. 28-13; Doc. 28-14). However, Concord Baptist Church did not submit to an EUO, but filed suit instead. (Doc. 39, ¶ 30). Therefore, there was a material breach of the cooperation agreement when Concord Baptist Church did not submit to an EUO. *See McClune*, 12 F.4th at 849.

### B. Church Mutual suffered substantial prejudice when Concord Baptist Church breached the cooperation agreement.

"Once a material breach has been established, an insurer must prove that it was substantially prejudiced by the insured's breach in order to be excused from covering the loss." *Medical Protective Co.*, 594 F.3d at 1052 (citing *Hayes v. United Fire & Cas. Co.*, 3 S.W.3d 853,

857 (Mo. Ct. App. 1999)). "Prejudice can be established when the insured fails to comply with a reasonable examination request because the insured has perhaps the greatest knowledge of the circumstances[.]" *Roller*, 484 S.W.3d at 116 (quotation omitted). "Cooperation clauses are designed to 'enable the [insurance] company to possess itself of all knowledge, and all information as to other sources of knowledge, in regard to facts, material to their rights, to enable them to decide upon their obligations, and to protect them against false claims.'" *Wiles*, 215 F. Supp. 2d at 1032 (quoting *Wood v. Allstate Ins. Co.*, 21 F.3d 741, 745 (7th Cir. 1994)). "Determining whether a violation of a cooperation clause caused substantial prejudice is a highly fact-intensive inquiry." *Medical Protective Co. v. Bubenik*, No. 06-cv-01639, 2008 WL 5070042, at *28 (E.D. Mo. Nov. 21, 2008), *aff'd*, 594 F.3d 1047 (8th Cir. 2010). For example, pursuant to Missouri law, the Eighth Circuit held that when the insurer completed its review of the claim, but the insured demanded $400,000 more than the insurer believed the claim was worth, the insurer would naturally need more information to investigate the claim. *McClune*, 12 F.4th at 851-52. The Court held that "given the substantial difference between [the insurer's] offer and [the insured's] responsive demand," the failure to submit to an EUO resulted in substantial prejudice. *Id.* at 852.

Similarly, when Concord Baptist Church failed to submit the proof of loss form and to an EUO it substantially prejudiced Church Mutual. Church Mutual had finalized its estimate and issued payments for the damages to Concord Baptist Church's property. (Doc. 39, ¶ 7). However, Concord Baptist Church submitted a demand for appraisal, with estimates that its appraiser would be submitting a claim for over $2,000,000. (Doc. 27, p. 7; Doc. 37, p. 4). Thus, like *McClune*, Church Mutual naturally requested more information to effectively evaluate the demand for appraisal, including the proof of loss form, supporting documents, and an EUO. (Doc. 28-13; Doc. 28-14). When Concord Baptist Church did not comply, it substantially prejudiced Church Mutual

because it could not possess all the information needed to investigate the claim. *See McClune*, 12 F.4th at 852.

### C. Church Mutual exercised reasonable diligence to secure Concord Baptist Church's cooperation.

Lastly, the insurer must prove that it exercised reasonable diligence to secure the cooperation of the insured. *Hayes*, 3 S.W.3d at 857. The insurer "must present evidence to show 'what steps it took in order to locate insured and to secure his cooperation in defending the action.'" *Medical Protective Co.*, 594 F.3d at 1053 (quoting *Colson v. Lloyd's of London*, 435 S.W.2d 42, 25 (Mo. Ct. App. 1968)). In *Medical Protective Co.*, pursuant to Missouri law, the Eighth Circuit held that the insurer exercised reasonable diligence when it contacted the insured multiple times to secure his cooperation.

Here, Church Mutual similarly exercised reasonable diligence in attempting to secure Concord Baptist Church's cooperation. As soon as Church Mutual received Concord Baptist Church's revised demand for appraisal it sent a letter the next day requesting that Concord Baptist Church submit a proof of loss form, supporting documents and comply with an EUO. (Doc. 39, ¶ 25; Doc. 28-13). Church Mutual enclosed the proof of loss form in its letter. (Doc. 28-13). Concord Baptist Church did not respond. Church Mutual followed up by sending another letter on December 10, 2020, reiterating its request for a proof of loss form, supporting documents, and an EUO. (Doc. 39, ¶ 28; Doc. 28-14). Concord Baptist Church once again failed to respond or submit the documents. Instead of responding or submitting documents to Church Mutual, Concord Baptist Church filed suit. (Doc. 39, ¶ 30). Based on these facts, Church Mutual exercised reasonable diligence to secure the cooperation of Concord Baptist Church.

## IV. CONCLUSION

Summary judgment is appropriate as a matter of law. Concord Baptist Church fails to show substantial compliance with the cooperation agreement, which relinquishes Church Mutual from liability, and results in a failure to establish a genuine issue of material fact as to its breach of contract claim. When a claim for breach of contract fails, so too does a vexatious refusal to pay. *See State ex rel. U.S. Fid. & Guar. Co. v. Walsh*, 540 S.W.2d 137, 141 (Mo. Ct. App. 1976); *see also* Mo. Ann. Stat. § 375.420 (West 2021). Therefore, Defendant's Motion for Summary Judgment (Doc. 26) is GRANTED as set forth herein.

IT IS, THEREFORE, ORDERED.

Dated this 22nd day of December, 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge